WILLIAM J. LYNCH & another[1] vs. SIGNAL FINANCE CO. OF QUINCY.

Norfolk.   February 5, 1975. — April 28, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Pleading, Civil,* Demurrer.   *Practice, Civil,* Motion to dismiss. *Truth-in-Lending Act.   Limitations, Statute of.   Fraud.   Words,* "Penalty."

Although the statute of limitations was improperly raised by a demurrer and a motion to dismiss, this court considered its applicability where the matter had been fairly heard and decided without objection on this ground, and where the plaintiffs were not foreclosed from showing facts to meet this defense and the defendant had not yet waived it by failure to assert the defense in its answer. [504-505]

An action to enforce liability under G. L. c. 140C, § 10B, the Truth-in-Lending Act, though denominated an action of contract, is an action for a penalty under a penal statute subject to G. L. c. 260, § 5, requiring that it be connected within one year after the offense is committed. [505-507]

Failure to make the disclosures required by G. L. c. 140C, the Truth-in-Lending Act, did not in itself toll the running of the one year period during which an action for violation of the act must be brought. [507-508]

CONTRACT.   Writ in the District Court of East Norfolk dated June 4, 1973.

Upon removal to the Superior Court, the action was heard by *Brogna,* J., on a demurrer and a motion to dismiss.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

---

[1] Alyce C. Lynch.

*Ronald B. Poock* for the plaintiffs.

*Howard L. Newell* (*Albert M. Newell* with him) for the defendant.

BRAUCHER, J.   We are asked to determine what statute of limitations governs liability under G. L. c. 140C, § 10 (b), as amended by St. 1972, c. 229, § 9, the Truth-in-Lending Act.   We hold that an action to enforce that liability, though denominated an action of contract, is an action for a penalty under a penal statute and is subject to G. L. c. 260, § 5, requiring that the action be commenced within one year after the offense is committed.   A judge of the Superior Court therefore correctly ruled that the present action was barred, and we affirm.

By writ dated June 4, 1973, the plaintiffs brought an action of contract against the defendant for $20,000 in a District Court.   The action was removed to the Superior Court, and a substitute declaration was filed, alleging a loan of $3,000 by the defendant to the plaintiffs on or about November 6, 1969, breaches of the loan agreement by the defendant by failure to make disclosures required by G. L. c. 140C, and "special" or "statutory" damages totaling $13,200.   The defendant filed a demurrer stating four grounds, one of which was the statute of limitations provided by G. L. c. 260, § 5, and a motion to dismiss on the same ground.   The demurrer was sustained and the motion allowed, and the plaintiffs appealed.   G. L. c. 231, § 96, as it appears in the Tercentenary Edition. The case was transferred from the Appeals Court to this court under G. L. c. 211A, § 10 (A).

1. *Necessity for pleading.*   Before July 1, 1974, the statute of limitations was to be pleaded by way of defense and could not successfully be made ground for demurrer in an action at law.   *Aisenberg* v. *Royal Ins. Co. Ltd.* 266 Mass. 543, 546 (1929), and cases cited.   Mass. R. Civ. P. 8 (c), 12 (b), 365 Mass. 749, 754 (1974).   The motion to dismiss was not within G. L. c. 231, § 59, as amended through St. 1965, c. 491, § 1.   Cf. Mass. R.

Civ. P. 56, 365 Mass. 824 (1974). It should have been treated as a demurrer. *Carmel Credit Union* v. *Lesser,* 344 Mass. 623, 624-625 (1962), and cases cited. No objection appears to have been made on this ground, however, and the point is not argued by the parties. There is no suggestion that the plaintiffs were foreclosed from showing facts to meet the defense of the statute of limitations, and the defendant had not yet waived the defense by failure to assert it in its answer. See G. L. c. 231, § 19; *McLearn* v. *Hill,* 276 Mass. 519, 552 (1931); *Alpert* v. *Radner,* 293 Mass. 109, 111 (1936). The matter having been fairly heard and decided, any defect of form could be cured by amendment. G. L. c. 231, §§ 51, 125. We therefore do not pass on the procedures followed. S.J.C. Rule 1:13, 351 Mass. 738 (1967).

2. *Civil penalties.* The Massachusetts Truth-in-Lending Act is closely modeled on the Federal Truth-in-Lending Act. Compare G. L. c. 140C, inserted by St. 1969, c. 517, § 1, with Pub. Law (90th Cong.) 321, 82 Stat. 146 (1968), 15 U. S. C. §§ 1601-1665 (1970). The preamble to our act states that its purpose is "that the laws of the commonwealth relative to the disclosure of consumer credit costs and terms be brought into conformity with federal law and regulations." It was designed to provide requirements "substantially similar" to those imposed under the Federal act and thus to make possible an exemption from the Federal act under § 123 of that act, 15 U. S. C. § 1633 (1970). Such an exemption was granted by the Board of Governors of the Federal Reserve System. Supp. III to Reg. Z, 12 C. F. R. (1974) Part 226, 35 Fed. Reg. 10358 (1970).

Section 10 (b) of our act provides for the recovery of twice the amount of the finance charge in a consumer credit transaction but not less than $100 nor more than $1,000 from a creditor who fails to make a required disclosure. That provision is substantially similar to § 130 (a) of the Federal act, 15 U. S. C. § 1640 (a)

(1970). Section 130 (e) of the Federal act, 15 U. S. C. § 1640 (e) (1970), contains a one-year statute of limitations. Recovery under the Federal provision has been denominated a "penalty" both in the Congress and in the Supreme Court of the United States. H. Rep. No. 1040, 90th Cong. 2d Sess., U. S. Code Cong. & Adm. News 1968, pp. 1962, 1976. *Mourning* v. *Family Publications Serv. Inc.* 411 U. S. 356, 361, 376 (1973). Recoveries under our similar provision have also been denominated "penalties" both in the Legislature and in this court. G. L. c. 140C, § 6A, inserted by St. 1971, c. 860, § 2. 1969 House Doc. No. 5354, p. 33. *Shepard* v. *Finance Associates of Auburn, Inc.* 366 Mass. 182, 184 (1974).

Application of the one-year statute to such a liability is consistent with our prior decisions, though perhaps not required by them. We have held that double or treble damages awarded to the party aggrieved are not penal for this purpose. *Goodridge* v. *Rogers,* 22 Pick. 495, 496-498 (1839). *Adams* v. *Palmer,* 6 Gray 338, 339 (1856). Nor is the liability of a corporate officer for the debt of a corporation, though imposed by reason of his signing a false corporate statement. *E. S. Parks Shellac Co.* v. *Harris,* 237 Mass. 312, 318-323 (1921). A liability in favor of a person other than the one aggrieved, such as the Commonwealth or an informer, is penal and subject to the one-year statute. *Barnicoat* v. *Folling,* 3 Gray 134, 135 (1854) (unlawful erection of building). *Cole* v. *Groves,* 134 Mass. 471, 472 (1883) (gaming). See *Donovan* v. *Eastern Racing Assn. Inc.* 324 Mass. 393, 394 (1949) (same). Recovery of $100 by a parent for the sale of intoxicating liquor to his minor child was held penal. *O'Connell* v. *O'Leary,* 145 Mass. 311, 312-313 (1887).

In the present case the disclosure is required for the protection of the consumer, and the action must be brought by the consumer to whom disclosure should have been made. Thus the recovery is by the party aggrieved and is remedial in a certain sense, as in the *O'Connell*

case. But, as in that case, there is no requirement of actual harm, and no attempt to make the damages proportional to the harm. We therefore follow the common and approved usage of the English language, and hold the liability penal for the purposes of G. L. c. 260, § 5. G. L. c. 4, § 6, Third.

We do not have before us and do not pass on any question with respect to the period of limitations governing an action to rescind a transaction as in the *Shepard* case, *supra.*

3. *Fraudulent concealment.* On the assumption that the present action is governed by the one-year statute of limitations, the plaintiffs contend that the period was tolled by G. L. c. 260, § 12, until the nondisclosures were discovered. They recognize "that ordinarily mere silence is not a fraudulent concealment, and that there must be something in the nature of positive acts with intent to deceive." *Stetson* v. *French,* 321 Mass. 195, 198 (1947), and cases cited. But, they say, mere failure to reveal may be fraudulent where there is a duty to reveal, and breach of the statutory duty imposed by the Truth-in-Lending Act should be given the same effect as breach of a fiduciary duty, citing *Burns* v. *Massachusetts Inst. of Technology,* 394 F. 2d 416 (1st Cir. 1968); *Federal Ins. Co.* v. *Summers,* 330 F. Supp. 1041 (D. Mass. 1970). See *Samia* v. *Central Oil Co. of Worcester,* 339 Mass. 101, 112-113 (1959); *Jamesbury Corp.* v. *Worcester Valve Co. Inc.* 443 F. 2d 205, 209 (1st Cir. 1971).

We reject this contention. No fiduciary relation is shown, and no positive acts of concealment. What must be fraudulently concealed is "the cause of such action," in this case the failure, at the time the loan was made, to make the disclosures required by the Truth-in-Lending Act. *Wachtel* v. *West,* 476 F. 2d 1062, 1065-1066 (6th Cir. 1973), cert. den. 414 U. S. 874 (1973). *Stevens* v. *Rock Springs Natl. Bank,* 497 F. 2d 307, 310 (10th Cir. 1974). So far as appears, the plaintiffs knew the terms

of the loan and knew what had been disclosed to them and what had not. Even in cases of fraud, in the absence of a fiduciary relation, there is no concealment by mere failure to disclose if the aggrieved party has full means of detecting the fraud. *Farnam* v. *Brooks,* 9 Pick. 212, 245-246 (1830). *Brackett* v. *Perry,* 201 Mass. 502, 505 (1909). Cf. *Tracerlab, Inc.* v. *Industrial Nucleonics Corp.* 313 F. 2d 97, 102 (1st Cir. 1963). In the present circumstances discovery of the nondisclosures may have required merely the making of mathematical computations from known data or the receipt of information as to the governing legal requirements. To postpone the running of the statute of limitations until discovery of this sort occurs would be to eliminate any effective policy of repose. Cf. *Chevalier* v. *Baird Sav. Assn.* 371 F. Supp. 1282, 1284 (E. D. Pa. 1974). We think the fraudulent concealment which brings G. L. c. 260, § 12, into play must consist of more than the bare statutory violation giving rise to liability for the statutory penalty.

*Orders affirmed.*