Butler, J.
Plaintiffs, Imran H. Khan and Rubina Khan (collectively “the Khans”), bring this action alleging that the defendants, The Dime Savings Bank of New York, FSB and Dime Real Estate Services-Massachusetts, Inc. (collectively “Dime”) committed numerous violations of Massachusetts lending laws during a mortgage transaction between the parties. The Khans allege that during and subsequent to the loan transaction Dime failed to provide them with truth-in-lending disclosure statements, which has led to foreclosure of their residence, in violation of G.L.c. 140D, §10 (Count I); violation of G.L.c. 183, §63 (Count II); violation of G.L.c. 184, §17B (Count III); breach of contract (Counts IV, V); misrepresentation (Count VI); fraud (Count VII); and violation of G.L.c. 93A (Count X). The Khans request that this court impose a constructive trust upon the subject property reconvey-ing the property to the plaintiffs (Count VIII); and seek declaratory relief stating that the plaintiffs validly rescinded the mortgage agreement pursuant to G.L.c. 140D, § 10(f) (Count IX). Dime now moves to dismiss all counts pursuant to Mass.R.Civ.P. 12(b)(6).
BACKGROUND
In June 1988, the Khans contacted Dime concerning refinancing an existing construction loan that was secured by their residence. On September 7,1988, the parties agreed that Dime would loan the Khans $401,100 secured by a forty-year residential mortgage. On November 18, 1988, the parties consummated their agreement by signing a promissory note and a mortgage. The promissory note that the Khans signed stated that the agreement spanned thirty years, instead of the previously agreed upon length of forty years. The agreement also required the Khans to pay 1.5 points as a closing fee. Terms within the promissory note also permitted Dime to adjust the interest rate.
Dime never provided the Khans with truth-in-lending disclosure statements as required by G.L.c. 140D, §10. The Khans did not have independent counsel during the loan transaction. On September 29, 1992, Dime foreclosed on the Khans’ property. On November 13, 1992, the Khans sent Dime a notice of rescission of the loan agreement. On March 8, 1993, the Khans filed suit against Dime.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must take the allegations of the complaint, as well as any inference which can be drawn from those allegations in the plaintiffs favor, as true. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The “complaint should not be dismissed for failure to state a *340 claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979). The interpretation of a statute is a question of law to be determined by the court. Commonwealth v. Cintolo, 415 Mass. 358, 359 (1993).
I.Dime’s failure to provide truth-in-lending disclosure statements in violation of G.L.c. 140D, §10 (Count I).
The Khans contend that Dime violated G.L.c. 140D, §10 by failing to disclose their rights concerning the loan transaction as is required under the statute.[3] Dime asserts that the Khans’ claim brought under G.L.c. 140D, §10 is time-barred by the four-year statute of limitation period of G.L.c. 260, §5A. General Laws c. 260, §5A requires “actions arising on account of violations of any law intended for the protection of consumers, including . . . chapter one hundred and forty D . . . whether for damages, penalties or other relief. . . shall be commenced only within four years next after the course of action accrues.” The Khans and Dime entered into the loan agreement on November 18, 1988. The Khans filed suit on March 8, 1993, after the required four-year statute of limitation of G.L.c. 260, §5A had expired. Accordingly, Count I is barred by the Khans’ failure to file suit against Dime within the four-year period.
The Khans’ attempt to keep their action alive by invoking the doctrine of fraudulent concealment must fail. In Massachusetts, the doctrine of fraudulent concealment requires that in the absence of a fiduciary relationship the defendants must conceal the existence of a cause of action through some affirmative act done with intent to deceive. G.L.c. 260, §12; Stetson v. French, 321 Mass. 195, 198 (1947). No fiduciary relationship exists between the Khans and Dime. See Flaherty v. Baybank Merrimack Valley, N.A., 808 F.Supp. 55, 64 (D.Mass. 1992) (Massachusetts courts have traditionally viewed bank relationships with customers as one of creditor/debtor, and one party cannot unilaterally transform the relationship into a fiduciary one).
In Lynch v. Signal Finance Co. of Quincy, 367 Mass. 503 (1975), the plaintiff attempted to invoke the fraudulent concealment doctrine in order to avoid the one-year statute of limitations applicable to the Truth-in-Lending Act. Id. at 507. The Supreme Judicial Court rejected the plaintiffs argument that the statute should be tolled until the nondisclosure is discovered. Fraudulent concealment must consist of more than the bare statutory violation of nondisclosure — there must be a violation of a fiduciary duly or a positive act of concealment. Id. at 507.
Similar to Lynch, the Khans needed only to inquire into what should have been disclosed to them by Dime. The Khans had in their possession the relevant documents. Their own failure to make an inquiry concerning their rights will not toll the statute of limitations.
Furthermore, the Massachusetts Truth-in-Lending Act is closely modeled on the Federal Truth-in-Lending Act. Lynch, supra at 505. Where a state statute is drafted to parallel a federal statute, it should be construed in accordance with federal law. Vasys v. Metropolitan District Commission, 387 Mass. 51, 54 (1982). Nondisclosure in the context of the federal Truth-in-Lending Act has been interpreted by the federal courts as not constituting a continuing violation for purposes of the statute of limitations. In re Smith, 737 F.2d 1549, 1552 (11th Cir. 1984), citing Wachetel v. West, 476 F.2d 1062 (6th Cir. 1973) cert. denied, 414 U.S. 874 (1987). Relying on the federal interpretation, as is permitted by Vasys, supra, there is no continuing violation and the Khans’ action is time barred. Since violations of the Truth-in-Lending Act are the basis of the Khans’ action, the fraudulent concealment doctrine is inapplicable to any cause of action brought by the Khans in this suit.
II.Violation of G.L.c. 183, §63, G.L.c. 184, §17B (Counts II, III).
The Khans allege that their payment of 1.5 points on the loan agreement violated G.L.c. 183, §63. Upon close examination of the statute, the court determines that the statute has been designed to protect consumers from unscrupulous practices of mortgage lenders. As a result, the statute has characteristics that are common to consumer protection statutes. Claims arising under G.L.c. 183, §63 must adhere to the procedural requirements of G.L.c. 260, §5A. See Micera v. Neworld Bank, 412 Mass. 728, 732 (1992) (holding statute protecting consumer in mortgage loan transaction is a consumer protection statute). General Laws c. 260, §5Arequires consumers to bring an action within four years from the accrual of the action. G.L.c. 260, §5A. Since the Khans waited longer than four years to commence this action after their right to bring such an action arose, their claim is time barred.
The Khans also allege that Dime violated G.L.c. 184, § 17B ,[4] by failing to inform them that Dime’s attorney’s responsibility was to protect the interests of Dime and that the Khans could hire independent counsel. G.L.c. 184, §17B also constitutes a consumer protection statute for the reasons stated above and Count III is time barred pursuant to G.L.c. 260, §5A.
III.Breach of Contract (Count IV and V)
The statute of limitations on a contract claim is six years. G.L.c. 260, §2. The Khans commenced their action within five years from when their cause of action accrued and thus, their action is not time barred. Dime relies on Harvard Law School Coalition for Civil *341 Rights v. President & Fellows of Harvard College, 413 Mass. 66 (1992), to establish that the Khans have failed to set out the terms of the contract and facts that would establish a breach, requiring dismissal of Count IV. Id. at 71. In Harvard Law School Coalition for Civil Rights, the Supreme Judicial Court dismissed the plaintiffs’ contract action because the Court could not find anywhere in the plaintiffs’ complaint any allegations of “such a contract or facts from which [a] judge could have inferred the terms of such a contract.” Id.
Unlike Harvard Law School Coalition for Civil Rights, the Khans have specifically alleged breach of contract in their complaint. The allegations are sufficient to withstand a motion to dismiss. See Micera v. New World Bank, 412 Mass. 728, 732-33 (1992) (stating that when a Truth-in-Lending Act violation is time barred, a contract action survives where lender breached the terms of the contract to which the parties had agreed). Accordingly, the Khans have met the minimum hurdle necessary to defeat a motion to dismiss for breach of contract.
In Count V, the Khans allege Dime breached the contractual covenant of good faith and fair dealing. This covenant requires neither party to do anything which would effectively destroy or injure the right of the other party to receive the fruits of the contract. Anthony’s Pier Four, Inc. v. HBC Associates, 411 Mass. 451, 471-72 (1991). Dime’s alleged failure to provide the Khans with disclosure statements in effect may have prevented the Khans from realizing the fruits of the transaction. Dime’s motion to dismiss Count V is denied.
IV. Misrepresentation (Count VI) and Fraud (Count VII)
General Laws c. 260, §2A provides that:
Except as otherwise provided, actions of tort . . . shall be commenced only within three years next after the cause of action accrues.
Actions for fraud and misrepresentation accrue when the misrepresentation is alleged to have been made, absent any fraudulent concealment. Mansfield v. GAF Corp., 5 Mass.App.Ct. 551, 554 (1977), citing Connelly v. Bartlett, 286 Mass. 311, 317 (1934). As discussed above, this court has determined the doctrine of fraudulent concealment is inapplicable to this action. Since the Khans commenced these tort actions more than three years after the cause of action accrued, Counts VI, VII are barred by the statute of limitations.
V. Right of Rescission under G.L.c. 140D, § 10(f) and imposition of a constructive trust (Counts VII, IX).
Dime contends that the foreclosure sale of the subject property constitutes a “sale” of the property within the meaning of G.L.c. 140D, §10(f), extinguishing the Khans’ right to rescind the loan transaction.[5] Statutory interpretation is for the courts. Connery v. Comm’r of Correction, 414 Mass. 1009, 1010 (1993). The legislature’s intent is controlling: where statutory language is clear, it must be given its plain and ordinary meaning, in order to determine legislative intent. Brook House Condominium Trust v. Automatic Sprinkler Appeals Board, 414 Mass. 303, 306 (1993); Boswell v. Zephyr Lines, Inc., 414 Mass. 241, 247 (1993). The court will not consider the legislative history or administrative interpretations of a statute where its meaning is unambiguous. Brook House Condominium Trust, supra at 306.
When enacting statutes, the legislature must be presumed to know the preexisting law and the prece-dential case law. Selectmen of Topsfield v. State Racing Commission, 324 Mass. 309, 313 (1949). In Outpost Cafe, Inc. v. Fairhaven Savings Bank, 3 Mass.App.Ct. 1 (1975), which the Supreme Judicial Court decided prior to the enactment of G.L.c. 140D, § 10 (f), the Court determined that when a mortgagee of real estate executes a memorandum of sale with a purchaser at a foreclosure auction, the property is “sold” within the meaning of G.L.c. 244, §18, barring the mortgagor’s right to redeem. Id. at 7. In Outpost Cafe, the Court specifically stated the point in time when a sale occurs within a foreclosure proceeding. Id.
Although Outpost Cafe did not specifically address the word “sale” as it would apply to G.L.c. 140D, §10(f) (this legislation was not enacted until 1981), where two statutes deal with the same subject, the provisions within the statute should be interpreted harmoniously to effectuate a consistent body of law. Boston Housing Authority v. Labor Relations Commission, 398 Mass. 715, 718 (1986).
In accordance with Outpost Cafe, and the guidance of statutory construction, the subject property was sold in September 1992. The notice of rescission sent on November 13, 1992, was fruitless. The Khans’ right to rescind expired when the September 1992 foreclosure proceedings concluded.
Close examination of the Code of Massachusetts Regulations lends additional support for this result. The corresponding regulations to G.L.c. 140D, §10(f) state that the mortgagor’s right to rescind also terminates upon “the transfer of all the consumer’s interest in the property.” 209 CMR and 32.15(a)(3). General Laws c. 183, §21 provides that when the mortgagor defaults and the property is properly foreclosed upon and sold, such a sale bars the mortgagor from “all rights and interest in the mortgaged property.” G.L.c. 183, §21. Accordingly, the language of G.L.c. 183, §21 clearly states that the mortgagor has no rights in the property after the foreclosure sale and, thus would extinguish any right to rescind mortgagor had under either G.L.c. 140D, §10(f).
The Khans’ reliance on In Re Ruebeck v. Attleboro Savings Bank, 55 B.R. 163 (1985), in order to establish that a foreclosure sale does not constitute a sale under *342 G.L.c. 140D, §10(f), is misplaced. Ruebeck examined what constituted a fraudulent conveyance during a foreclosure sale under 11 U.S.C. §548(a)(2)(A) and (B)(i). The federal statute allowed the trustee in a bankruptcy proceeding to set aside any transfer of interest of the debtor that had received less than a reasonably equivalent value. Id. at 165. The court also discussed the proper foreclosure procedures, including the necessity of public notice before the sale, in order to insure that a fair value is given for a transfer of the debtor’s interest. Id. at 169.
In Ruebeck, the debtor instituted the action to set aside a fraudulent conveyance of the subject property because of lack of public notice of the foreclosure sale. Id. The bank in Ruebeck complied with the letter of the foreclosure statute, but failed to provide further notice, after the original foreclosure date had been postponed, of the new date. Indeed, the mortgagor herself was not given notice. This, the court reasoned, evidenced a lack of good faith effort by the bank to obtain the best reasonable price. In contrast to Ruebeck, the plaintiffs do not allege that there were any defects in the foreclosure proceedings. That being the case, the plaintiffs’ rights are limited and terminated by operation of G.L.c. 183, §21 and 209 C.M.R. §§32.15(a)(3). Id. Thus, Ruebeck does not alter the proposition enunciated in Outpost Cafe: Unless there is a defect in the foreclosure proceedings, any rights in the subject property the debtor had are extinguished when the mortgagee and purchaser execute the memorandum of sale after the foreclosure biddings. Outpost Cafe, supra at 6. The property having been sold in accordance with G.L.c. 140D, §10(f), the Khans’ claim for rescission is barred.
The Khans also assert that because the Code of Massachusetts Regulations is silent as to the effect that foreclosure has upon the right to rescind under G.L.c. 140D, §10(f), and that the Code of Federal Regulations expressly states that foreclosure is a “sale” within the meaning of the federal Truth-in-Lending Act, the Massachusetts legislature chose to exclude foreclosure as a “sale” under G.L.c. 140D, §10(0- For the reasons discussed above, this court does not find the Khans’ interpretation of the silence of the Massachusetts Legislature persuasive.
As a result, the court declines to declare that the Khans validly rescinded the loan agreement and no constructive trust will be imposed. Counts VIII and IX are dismissed.
VI. Violation of G.L.c. 93A (Count X).
The Khans’ G.L.c. 93A claim (Count X) is barred for failing to be commenced within four years after the cause of action accrued, as is required by G.L.c. 260, §5A.
ORDER
For the foregoing reasons, it is therefore ORDERED that Dime’s Motion to dismiss is DENIED as to Counts IV and V and is ALLOWED as to Counts I, II, III, VI, VII, VIII, IX, X.

 General laws c. 140D, §10 provides in relevant part:
(a). . . in the case of any consumer credit transaction,... in which a security interest... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required by this chapter, whichever is later ... The creditor shall clearly and conspicuously disclose, in accordance with regulations of the commissioner, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide . . . appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

 General Laws c. 184, §17B provides that:
Every application for a mortgage loan on real estate consisting of a dwelling house with accommodations for four or less separate households and occupied or to be occupied in whole or in part by the obligor on the mortgage debt shall be made on a printed form which shall contain the following two statements in type of at least two points larger than the other type used on said application:
(1) The responsibility of the attorney for the mortgagee is to protect the interest of the mortgagee.
(2) The mortgagor may, at his own expense, engage an attorney of his own selection to represent his own interests in the transaction.
In addition to the foregoing, every application and copy thereof shall, if applicable, in type of at least the same size as the above required statements, disclose information relative to the following, which shall not be deemed to be an advertisement as defined in section one of chapter one hundred and forty D:
(a) The approximate expiration date of the note.
(b) The rate of interest charged.
(c) A statement that as of the expiration date of said note, the mortgagee may demand payment of said note, may rewrite the note by agreement at a greater or lesser rate of interest, or may, by agreement, allow payments to be made on said note at the same, or a lesser or a greater rate of interest.
A printed copy of the above statements and information shall be given to the mortgagor at the time of making the application.

 General laws c. 140D, §10(f) provides in relevant part:
(f) An obligor’s right of rescission shall expire four years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding that the information and forms required under this section or any other disclosures required under this chapter have not been delivered to the obligor.