DAVID MAYO & others[1] *vs.* KEY FINANCIAL SERVICES, INC.[2]

Suffolk. January 6, 1997. - May 9, 1997.

Present: WILKINS, C.J., O'CONNOR, GREANEY, FRIED, & MARSHALL, JJ.

*Massachusetts Consumer Credit Cost Disclosure Act. Truth in Lending Act. Loan. Practice, Civil,* Attorney's fees.

In loan transactions governed by the provisions of G. L. c. 140D, the Massachusetts Consumer Credit Cost Disclosure Act, understatements by more than $10 in disclosing the amount of the finance charges to the borrowers were material per se under 209 Code Mass. Regs. § 32, and the borrowers were entitled to rescind the transactions. [863-865]

An award of attorney's fees in an action against an assignee for rescission of loan transactions governed by G. L. c. 140D was not warranted, where the record did not demonstrate that the violation of the statute for which the action was brought was "apparent on the face of the disclosure statement or other documents assigned" as required by G. L. c. 140D, § 33(*a*). [865-866]

CIVIL ACTION commenced in the Superior Court Department on October 23, 1992.

The case was heard by *J. Harold Flannery*, J., on motions for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*W. Paul Needham* for the defendant.

*Edward K. O'Brien* for the plaintiffs.

WILKINS, C.J. The Massachusetts Consumer Credit Cost Disclosure Act (G. L. c. 140D) provides that a borrower (an obligor in the language of the act) who grants a security interest (in this case a mortgage) on property used as the borrower's principal dwelling has the right to rescind the transaction. Notification of the rescission must be given within

---

[1] Thelma Mayo, Leonora Mayo (Mayos); Calvin Smith, and Sarah Smith (Smiths).

[2] Advanced Financial Services, Inc., was named as a defendant but is not involved in this appeal.

three days of either the consummation of the transaction "or the delivery of the information and rescission forms required under [G. L. c. 140D, § 10] together with a statement containing the material disclosures required by [G. L. c. 140D], whichever is later." The right to rescind extends equally against an assignee of the creditor (G. L. c. 140D, § 33 [*c*]), such as the defendant appellant Key Financial Services, Inc. (Key).

A Superior Court judge ruled on cross motions for summary judgment that, in taking mortgages on the Mayos' and Smiths' homes, Key's assignor, Advanced Financial Services, Inc. (Advanced), had improperly omitted from the amount of the finance charges disclosed either overcharges for recording fees or unreasonable title insurance premiums, or both, and that, therefore, the Mayos and the Smiths were entitled to rescind their respective loan transactions. For the purposes of this appeal, it may be assumed both that Advanced understated finance charges to each group of borrowers and that "the material disclosures" required by G. L. c. 140D had not been made when the Mayos and the Smiths elected to rescind their respective loan transactions.

Key argues that an understatement of a finance charge may be a proper ground for rescission of a loan transaction governed by G. L. c. 140D only if the error in disclosing the finance charge was a material one, that is, that it would have made a difference to the borrowers. Key bases its argument on the fact that the disclosure to the Mayos of their finance charge was $300 lower than the disclosed finance charge of approximately $226,000 and that the disclosure to the Smiths of their finance charge was $28 lower than the disclosed finance charge of $15,575.50.

Key has appealed from a judgment that ordered rescission of the two transactions and awarded attorney's fees to the plaintiffs. We transferred Key's appeal here. We agree with the judge that the Mayos and the Smiths were entitled to rescission but conclude that they are not entitled to attorney's fees.[3]

1. Because of the understatement of the finance charges by

_____

[3]Before turning to the merits of this appeal, we comment on the failure of the parties to comply with Mass. R. A. P. 16, as amended, 411 Mass. 1602 (1992). The index in the plaintiffs' brief provides no page references

more than $10 in the cases before us, the borrowers were allowed to rescind their loan transactions within four years of the date of the consummation of those transactions. G. L. c. 140D, § 10 (*a*) & (*f*). 209 Code Mass. Regs. § 32.23 (a) (3) (1989). A creditor's understatement of a finance charge in violation of G. L. c. 140D need not be a misstatement material to the borrower's decision to enter into the loan transaction in order for the borrower to rescind.

Chapter 140D of the General Laws was closely modeled on the Federal Truth-in-Lending Act (15 U.S.C. §§ 1601 et seq. [1994]). See *Lynch* v. *Signal Fin. Co.*, 367 Mass. 503, 505 (1975). In such a circumstance, Federal court decisions are instructive in construing parallel State statutes and State regulations. See *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 611 (1980).

For purposes of this case, the Federal regulation, 12 C.F.R. § 226.1 (1996) (known as Regulation Z) is identical to the Massachusetts regulation, 209 Code Mass. Regs. § 32. The Massachusetts regulation states that "[t]he finance charge shall be considered accurate if it is . . . not more than $10 above or below the exact finance charge in a transaction involving an amount financed of more than $1,000." 209 Code Mass. Regs. § 32.18 (d) n.41. See also 12 C.F.R. § 226.18 (d) n.41 (1996). See current G. L. c. 140D, § 4 (*f*), inserted by St. 1996, c. 238, § 3 (redefining the circumstances in which a finance charge will be treated as accurate).

Key does not seriously challenge the fact that in each loan transaction the finance charge was understated by an amount larger than that permitted by the applicable regulation. Key argues rather that, on any objective standard, the understatement was not material and that the quoted regulation does not state that an understatement of more than $10 is a mate-

---

for the authorities listed and fails to include statutes cited in the brief. Mass. R. A. P. 16 (a) (1), 365 Mass. 860 (1974). Neither party reproduces in its brief or in an addendum the relevant statutes or portions of State and Federal regulations on which they rely. Mass. R. A. P. 16 (f), 365 Mass. 860 (1974). This latter omission is particularly troublesome for the court because the cited regulations have been amended from time to time. Each brief is sparse in its references to pages of the record appendix in support of facts asserted. Mass. R. A. P. 16 (a) (3), 365 Mass. 860 (1974), and Mass. R. A. P. 16 (e), as amended, 378 Mass. 940 (1979). The plaintiffs' brief has an inappropriately hostile tone in places, asserting derogatory facts about the appellant that are irrelevant and, in any event, not supported by record references.

rial omission. The material disclosure that § 10 (*a*) requires of the lender is defined in G. L. c. 140D, § 1, and includes "the amount of the finance charge." That definition provides no flexibility in deciding whether an understatement of a finance charge is material. Strict compliance is the statutory mandate. The administration of the act would be complicated by an after-the-fact inquiry as to whether the borrower would have acted differently if the finance charge had not been understated. The statute, as it then existed, tempered by the regulation, made an understatement of more than $10 per se material, just as the statute currently treats an overstatement of the finance charge as per se immaterial (see G. L. c. 140D, § 4 [*f*], inserted by St. 1996, c. 238, § 3).

Decisions elsewhere concerning the issue before us support our conclusion that any understatement of a finance charge beyond the de minimis range is a material nondisclosure. See *Rodash* v. *AIB Mtge. Co.,* 16 F.3d 1142, 1148 (11th Cir. 1994); *Steele* v. *Ford Motor Credit Co.,* 783 F.2d 1016, 1018-1020 (11th Cir. 1986); *Cheshire Mtge. Serv., Inc.* v. *Montes,* 223 Conn. 80, 101-102 (1992). Although the 1996 amendment to G. L. c. 140D, § 10 (see St. 1996, c. 238, § 5) does not apply in this case, it is apparent that the Legislature's redefining of the accuracy required in disclosing the amount of a finance charge makes irrelevant the materiality of an understatement.

2. The plaintiffs are not entitled to an award of attorney's fees in this action. Although a borrower is given the same right of rescission against an assignee of an obligation as against the original lender (G. L. c. 140D, § 33 [*c*]), other rights may be asserted under G. L. c. 140D against an assignee "only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement." G. L. c. 140D, § 33 (*a*). A violation would be apparent on the face of a disclosure statement, for example, if the disclosure "can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned." G. L. c. 140D, § 33 (*a*).

The inaccuracies on which the judge based his ruling were not shown on the face of the disclosure statements. Nor does it appear that they were shown on "other documents assigned." Chapter 140D does not define "other documents assigned." Presumably the notes and mortgages are such docu-

ments. But the facts that led the judge to rule that title insurance premium charges were unreasonable and that charges for recording fees were excessive (and to that extent improperly not reflected in the finance charges) do not appear on the disclosure statements or on any document that the plaintiffs identify as "assigned." The facts in the summary judgment record do not justify an award of attorney's fees to the plaintiffs.[4]

3. The judgment shall be modified by deleting the award of attorney's fees and costs, and as so modified is affirmed.

*So ordered.*

---

[4]Section 32 (*a*) (3) concerning the award of a reasonable attorney's fee, relied on by the judge in awarding attorney's fees and costs of the act when rescission is ordered, applies only to a creditor. Key is not a "creditor" as specifically defined in G. L. c. 140D, § 1.