Donovan, Elizabeth B., J.
The plaintiff, James Damas (Mr. Damas) brings this action against the defendants, Mortgage Electronic Registration Systems, Incorporated (MERS) and GMAC Mortgage, LLC (GMAC) asserting in his amended complaint the following claims: Count A — violation of the Massachusetts Consumer Credit Cost Disclosure Act (G.L.c. 140D); Count B — violation of the Consumer Protection Act (G.L.c. 93A); Count C — unconscionability of the contract; Count D — breach of contract; and Count E — declaratory relief. The defendants move to dismiss Counts A and B for failure to state a claim on which relief can be granted.
For the reasons discussed below the motion to dismiss is allowed as to Count A and denied as to Count B.
DISCUSSION
Mr. Dumas’ allegations stem from a home mortgage he received on October 17, 2003 from Metro Center Mortgage, Inc. which mortgage is currently held by MERS and serviced by GMAC. The original amount of the note which is secured by an adjustable rate mortgage on the property at 37 Hemlock Terrace, Randolph, Massachusetts was $316,921.00. Mr. Damas claims, inter alia, that he never agreed to an adjustable rate mortgage. He asserts that “after expiration of the initial teaser rate on the mortgage, the interest rate continued to adjust upwards and Mr. Damas was soon not able to afford the monthly payments.” On July 24, 2008 he filed for Chapter 13 bankruptcy which case is still pending.
I. G.L.C. 140D
The defendants move to dismiss Count A alleging Mr. Damas failed to file the complaint timely. G.L.c. 140D, §10(1) provides that the obligor’s right of rescission expires four years after the date of consummation of the transaction — the statute of limitation for rescinding a credit contract is four years. The closing on Mr. Damas’ loan occurred on October 17, 2003. Pursuant to the statute Mr. Damas had four years to bring an action for rescission. He did not bring the instant action until December 3, 2008, clearly outside the time period provided in the statute.
Mr. Damas argues that this action is not subject to the statutory time constraints because it is an action taken in recoupment. He relies on paragraph two of G.L.c. 260, §36, which provides “a counterclaim arising out of the same transaction or occurrence that is the subject matter of the plaintiffs claim, to the extent of the plaintiffs claim, may be asserted without regard to the provisions of law relative to limitations of actions.”
Mr. Damas’ reliance is misplaced for two reasons. First, a recoupment action can only be brought as affirmative defenses to limit the plaintiffs possible recovery or in a bankruptcy proceeding as an affirmative action when a creditor has filed a proof of claim or another action to collect debt. G.L.c. 260, §36; Latham v. Homecomings Financial Networks, Inc., Suffolk Superior Court, Civil Action No. 20008-2100-E; Alperin, Howard J. and Roland F. Chase, Consumer Law §14.38 (2d.ed. & Sup. 2006). It is a counterclaim not a claim.
The whole law and equity structure was swept away on July 1, 1974. Now we have counterclaims, compulsory and permissive, absorbing the old recoupments, set-offs, and counterclaims, and going beyond them. The question of the statute of limitations, G.L.c. 260, §36, inserted by St. 1973, c. 1114, s. 341, and taking effect on July 1, 1974 (see s. 351), provides expressly with respect to permissive counterclaims “(t)he time of such limitation shall be computed as if an action had been commenced therefor at the time the plaintiffs action was commenced.” Bose Corp. v. Consumers Union of U.S., Inc., 367 Mass. 424, 430-31 (1975).
Secondly, Mr. Damas has a prior pending action to raise as a counterclaim what he asserts in Count A. The foreclosure action is pending in the Bankruptcy Court.
The statute of limitation on a claim for rescission expired four years after the date of consummation of the transaction. The motion to dismiss Count A is allowed.
II. G.L.c. 93A
The defendants’ argue Count B must be dismissed because it was filed outside the statute of limitations. G.L.c. 260, §5A provides for an action under c. 93a to be filed within four years next after the cause of action accrues.
*500 The Court held in Koe v. Mercer, 450 Mass. 97, 101 (2007), that under the discovery rule, “the statute of limitations starts when the plaintiff discovers, or reasonably should have discovered, that [he] has been harmed or may have been harmed by the defendant’s conduct.” The issue is when did Mr. Damas know or reasonably should have known of his injuries.
The defendant argues time began to run when the loan closed on October 17, 2003. That presumes the statute runs based on a party’s actual knowledge. The discovery rule is broader than the defendants’ position.
Mr. Damas argues the “unfair” and “deceptive” conduct was continuous throughout the life of the loan. The complaint does not contain a date when the adjustable rate was increased ultimately leading to foreclosure.
The motion to dismiss Count B is denied.
ORDER
The defendants motion to dismiss is allowed as to Count A and denied as to Count B.