Kenton-Walker, Janet, J.
The Plaintiff, Obeilson R. Matos, (“the Plaintiff’), commenced this action against First Franklin National Bank (“First Franklin”) and its affiliates National City Bank (“National City”), PNC Financial Services Group (“PNC”), and Home Loan Services, Inc. (“Home Loan Services”) (collectively “the Defendants”), alleging unfair and predatory lending practices relating to a mortgage for the property on 6 Earle Street in Worcester, MA (the “Property”). This action is before the court on the Defendants’ motion to dismiss pursuant to Rule 12(b)(6).[2] For the following reasons, the Defendants’ motion is ALLOWED.
BACKGROUND
For the purposes of a motion to dismiss under Rule 12 (b) (6), the court must accept as true all of the factual allegations in the Plaintiffs complaint.
The Plaintiff has significant experience in the home mortgage business, and lists previous work experience as both a mortgage originator and a home mortgage consultant. The Plaintiff originally purchased the Property on or about February 27, 2004. The Plaintiff *247 later applied for a consolidation refinance of the Property with First Franklin in the spring of 2005. First Franklin and its agents represented to the Plaintiff that he would be receiving a 30-year fixed interest rate home mortgage loan. The Plaintiff relied upon the assurances of First Franklin and its agents that he would be receiving a 30-year fixed interest rate home mortgage loan by entering into the home mortgage loan with First Franklin.
On March 23, 2005, the Plaintiff granted a power of attorney to Aquila S. Matos to represent him at the closing for what he believed would be a 30-year fixed interest rate loan.[3] The home mortgage loan was in the sum of $239,700.00. First Franklin closed and executed the mortgage on or about April 1, 2005. Contrary to prior discussions, the mortgage loan contained a “Fixed/Adjustable Rate” note. The mortgage loan contained an introductory interest rate of 6.75% for a period of three years.
On April 1, 2008, the interest rate on the mortgage was scheduled to adjust. The new interest rate would be calculated by adding 5.7500% to the current LIBOR index. The Uniform Residential Loan Application (“Loan Application”) demonstrates that the Plaintiff was applying for a 30-year fixed interest rate loan. The Plaintiff did not learn that the mortgage loan was in fact an adjustable rate mortgage until three years later when he received notice that the interest rate on the mortgage loan would be changing.
At the time of the execution of the mortgage, the Plaintiffs 2004 adjusted gross income was $14,776.00. The monthly obligations under the mortgage loan were more than fifty percent of the Plaintiffs verified gross income. The Plaintiff also stated in his Amended Verified Complaint that the Property is a two-family property and also serves as the Plaintiffs primary residence. However, in a signed Federal Income Tax return attached as part of the Amended Complaint (Exhibit D) the Plaintiff lists 11 Overlook Ridge, Revere, MA as his home address.
After the Plaintiffs lending career came to an abrupt end due to the “sub-prime crisis,” he was unable to meet his monthly obligations under the mortgage. The Plaintiff then contacted Home Loan Services on no less than two occasions to request a loan modification. On each occasion, the agent of Home Loan Services agreed to provide the Plaintiff with a “loan modification package.” Based upon these representations, the Plaintiff claims to have reasonably believed that he was being considered for a loan modification and he would be provided with the necessary paperwork to obtain a loan modification, but none was forthcoming.
On or about July 3, 2008, a foreclosure deed went on record at the Worcester County Registry of Deeds. On or about December 12, 2008, Abdelillah Mokkedem purchased the Property at a foreclosure sale.
The Plaintiff filed his original Verified Complaint with this court on November 13, 2009. On March 4, 2010, the Plaintiff filed an Amended Verified Complaint with this court, alleging a violation of G.L.c. 93A (Count I), fraudulent misrepresentations (Count II), and sought declaratory judgment as to his legal title to the property (Count III). On April 20, 2010, the Defendants filed a Motion to Dismiss the Amended Verified Complaint, and move to dismiss all counts of the Plaintiff s Amended Verified Complaint.
DISCUSSION

1.Standard

A party moving to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) contends that a complaint fails “to state a claim upon which relief can be granted .. “While a complaint attacked by a motion to dismiss does not need detailed factual allegations ... a plaintiffs obligation to provide the ‘grounds’ of his entitle [ment] to relief’ requires more than labels and conclusions ..." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (ellipses and alterations in original). “Factual allegations must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that the allegations in the complaint are true (even if doubtful in fact).” Id., quoting Bell Atl. Corp., 127 S.Ct. at 1965. Therefore, [w]hat is required at the pleading stage are factual ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief, in order to ‘reflect the threshold requirement of [Fed.R.Civ.P.] 8(a)(2) that the “plain statement” possess enough heft to “show that the pleader is entitled to relief.” ’ “ Id. quoting Bell Atl. Corp., 127 S.Ct. at 1966.

2.Plaintiff’s Allegations

The Plaintiff alleges that Defendant First Franklin unfairly and deceptively informed the Plaintiff that he would be receiving a 30-year fixed interest rate home mortgage loan. The Plaintiff alleges that on the day of closing, Defendant First Franklin and its agents changed the financing and the Plaintiff unwittingly received an adjustable rate mortgage. The Plaintiff also alleges that the Defendant First Franklin made false and fraudulent representations to the Plaintiff, in that he would be receiving a 30-year fixed interest rate mortgage. These representations were false and known to be false by the Defendants, and the Plaintiff relied on these representations by leaving a power of attorney to Matos and instructing her to execute the mortgage on the Plaintiffs behalf. Taking as true the Plaintiffs allegations regarding the Defendants’ actions, the Plaintiffs claims against the Defendants cannot survive.

3.The Plaintiff’s Claims are Barred by the Statute of Limitations

The Plaintiff concedes that there is a four-year-statute of limitations on a claim under Chapter 93A and *248 a three-year statute of limitations for a claim of fraudulent misrepresentation; he argues that these statutes of limitations should be tolled by the discovery rule. The Plaintiff relies on a recent Superior Court decision in support of his argument that the statute of limitations should be tolled by the discovery rule, which states that tolling should not begin until the plaintiff knew or should have known about the existence of a claim. Damas v. Mortgage Electronic Registration Systems, Inc., Civil No. 082207, 2009 WL 2232778 at *2 (Mass.Super.Ct. June 3, 2009) (Donovan, J.) [25 Mass. L. Rptr. 499] (citing Koe v. Mercer, 450 Mass. 97, 101 (2007)). This argument is without merit. The Plaintiff states that he did not learn he had received an adjustable-rate mortgage until later on, however this argument is irrelevant because Matos was present at the closing and signed the documents. It is a well-established principle of agency law that a principal is bound by the knowledge of his agent. Restatement (Second) of Agency, §272 (1957).
Matos signed the document and initialed each page of the mortgage, which clearly stated that interest rates might change beginning in April 2008. Because the power of attorney signed and initialed these documents, she is assumed to be aware of the conditions contained within, and this knowledge is imputed to the Plaintiff through the principles of agency law. Restatement (Second) of Agency, §272 (1957). A general rule of imputed knowledge states that “a principal is charged -with the knowledge of its agent acquired in the course of the principal’s business.” Demoulas v. Demoulas, Civil No. 90-2344, 1996 WL 511519, at *7 (Mass.Super.Ct. Aug. 20,1996) (Lopez, J.) (citing United States v. Bank of New England, NA., 821 F.2d 844, 856 (1st Cir. 1981)).
Additionally, the Plaintiff argues that he was induced into signing an adjustable rate mortgage by Defendant First Franklin and its agents through fraud. To invoke the doctrine of fraudulent concealment as grounds for equitable tolling, a plaintiff must allege that the defendant actually concealed “from the person injured knowledge of the facts giving rise to a cause of action and the means of acquiring such facts.” Mills v. North Andover Bank, Civil No. 976155, 1999 WL 1336606, at *3 (Mass.Super.Ct. Jan. 5, 1999) (Neel, J.) [9 Mass. L. Rptr. 397] (quoting Frank Cooke, Inc. v. Hurwitz, 10 Mass.App.Ct. 99, 106 (1980). There is no evidence or allegations that First Franklin or its agents did anything to conceal from the Plaintiff or Matos the fact that the mortgage agreement she was signing was in fact an adjustable-rate mortgage.
Because the statute of limitations began running on the date the mortgage closed, the Plaintiffs claims under G.L.c. 93A and for fraudulent misrepresentation are barred by the statute of limitations.
4. The Plaintiffs Claims under G.Lc. 93A and G.L.c. 183C are Without Merit Because the Property was not the Plaintiffs Primary Residence
Massachusetts courts have interpreted Chapter 183C to establish a “statutoiy exception of public policy that it is unfair for a lender to make a home mortgage loan secured by the borrower’s principal residence in circumstances where the lender does not reasonably believe that the borrower will be able to make the scheduled payments and avoid foreclosure.” Commonwealth v. Freemont Investment & Loan, 452 Mass. 733, 748 (2008). However, these principles of “unfairness” have been applied only to mortgages in which the property at issue was the borrower’s principal residence. The four factors which the court cited as “unfair” are (1) an adjustable rate mortgage with an introductory period of three years or less; (2) an introductory rate for the initial period at least three percent below the fully indexed rate; (3) the loan was made to a borrower for whom the monthly payment at the fully indexed rate would be greater than fifty percent of the monthly gross income; and (4) the loan featured a substantial prepayment penalty that extended beyond the introductory rate period. Id. at 739. The Plaintiff has himself provided this court-with evidence conflicting with his statement that the Property was his principal residence. As part of his Amended Complaint, the Plaintiff has submitted a U.S. Individual Tax Return for 2005 (Exhibit D), which lists his home address as 11 Overlook Ridge, Revere, MA 02151. This document was submitted in proof of his argument that the monthly payments at the loan’s fully indexed rate would exceed fifty-percent of his verified monthly gross income. In the same document, the Plaintiff also lists the property in question at 6 Earle St. Worcester, MA as a rental real estate property, and reports $12,000 in rents received for the year 2005. The Plaintiff also states that neither he nor his family used this property as a personal residence for either 14 days or 10% of the days rented at fair rental value.
Because of the admissions in his Tax Return statement, the Plaintiff cannot make a legitimate argument that the property at issue was his primary residence. Therefore, the four characteristics put forth in Freem-ont for showing that a loan was “unfair” under G.L.c. 93A do not apply to the mortgage at issue here.
5. The Plaintiffs Request for Declaratory Judgment
The Plaintiff has requested that this court invalidate Defendant Mokkedem’s claim to legal title to the property. However, this claim is dependent on the success of the Plaintiffs claims under Chapter 93A and Chapter 183C. Due to the failure of the Plaintiffs previous claims, the claim must also fail.
ORDER
For the foregoing reasons, the defendant’s Motion to Dismiss is ALLOWED.

 Abdelillah Mokkedem (“Mokkedem’j was also named as a defendant in the complaint, but has not joined in this Motion to Dismiss.

 The power of attorney was granted with the purpose of doing “all things necessary with respect to the Refinance of my property located at 6 Earle St. Worcester, Worcester County, Massachusetts (the ‘Premises’), with First Franklin, for a loan of $239,700.00 hereby ratifying and affirming that which my attorney shall lawfully do or cause to be done by virtue of powers herein conferred.”