WILLIAM MAHONEY, JR., & another[1] vs. GEORGE W. BALDWIN
& another,[2] trustees.

No. 88-P-689.

Plymouth. March 14, 1989. — September 15, 1989.

Present: PERRETTA, WARNER, & FINE, JJ.

*Limitations, Statute of. Statute*, Construction. *Landlord and Tenant*, Land-
lord's liability to tenant or one having his rights, Repairs.

A tenant's action under G. L. c. 186, § 19, against his landlord for injuries
    resulting from the landlord's failure to correct an unsafe condition on
    the premises was subject to the three-year statute of limitations, G. L.
    c. 260, § 2A, applicable to tort actions, and not the four-year statute,
    G. L. c. 260, § 5A, applicable to actions arising out of "violations of
    any law intended for the protection of consumers." [779-782] ·

CIVIL ACTION commenced in the Superior Court Department
on July 17, 1987.

The case was heard by *Suzanne V. DelVecchio*, J., on a
motion for summary judgment.

*Brian E. Concannon* for the plaintiffs.
*Mark S. Shuman* for the defendants.

PERRETTA, J. General Laws c. 186, § 19, gives a tenant a
right of action in tort against a landlord whose failure to correct
an unsafe condition on the premises causes injury to the tenant.[3]

---

[1] Suzan Mahoney, who seeks damages for loss of consortium.

[2] Maria C. Baldwin, who, with George W. Baldwin, is a trustee of
Anthony Realty Trust.

[3] This statute, inserted by St. 1972, c. 665, reads, in full:

"A landlord or lessor of any real estate except an owner-occupied two-
or three-family dwelling shall, within a reasonable time following receipt
of a written notice from a tenant forwarded by registered or certified mail
of an unsafe condition, not caused by the tenant, his invitee, or any one
occupying through or under the tenant, exercise reasonable care to correct

More than three years after the tenant William Mahoney fell
on a stairway in the common area of his apartment house, he
and his wife brought this action in the Superior Court. Conclud-
ing that the claim was time barred by the three-year statute of
limitations applicable to tort actions, G. L. c. 260, § 2A, the
judge allowed the defendants' motion for summary judgment.
The sole question raised by the appeal from the ensuing judg-
ment is whether G. L. c. 186, § 19, is subject to the four-year
limitation period extended to actions arising out of "violations
of any law intended for the protection of consumers." G. L.
c. 260, § 5A, as appearing in St. 1983, c. 636, § 29. We
affirm the judgment.

By its express language, c. 260, § 5A, does not restrict itself
to causes of action arising out of violations of only those laws
therein specified.[4] Rules of statutory construction lead us to

the unsafe condition described in said notice except that such notice need
not be given for unsafe conditions in that portion of the premises not under
control of the tenant. The tenant or any person rightfully on said premises
injured as a result of the failure to correct said unsafe condition within a
reasonable time shall have a right of action in tort against the landlord or
lessor for damages. Any waiver of this provision in any lease or other rental
agreement shall be void and unenforceable. The notice requirement of this
section shall be satisfied by a notice from a board of health or other code
enforcement agency to a landlord or lessor of residential premises not
exempted by the provisions of this section of a violation of the state sanitary
code or other applicable by-laws, ordinances, rules or regulations."

[4] Section 5A reads, in full:

"Actions arising on account of violations of any law intended for the
protection of consumers, *including but not limited to the following*: chapter
seventy-five C; chapter seventy-five D, section seven N of chapter ninety;
sections twenty-one, twenty-one D, twenty-eight, forty-eight, forty-nine,
sixty-nine, and seventy of chapter ninety-three; chapter ninety-three A;
sections forty-six A to forty-six R, inclusive, and sections ninety-six to one
hundred and fourteen B, inclusive of chapter one hundred and forty; chapter
one hundred and forty D; section one hundred and twenty-seven A of chapter
one hundred and sixty-four; chapter one hundred and seventy-six D; sections
fourteen, fifteen B, fifteen C, and eighteen of chapter one hundred and
eighty-six; sections thirteen I, thirteen J, and thirteen K of chapter two
hundred and fifty-five; chapter two hundred and fifty-five B; chapter two
hundred and fifty-five C; and chapter two hundred and fifty-five D; whether
for damages, penalties or other relief and brought by any person, including
the attorney general shall be commenced only within four years next after
the cause of action accrues" (emphasis added).

conclude, however, that the phrase "including but not limited to," which precedes the specification, limits the applicability of § 5A to those *types* of statutes therein particularized. As stated in an analogous case, *Haas* v. *Breton*, 377 Mass. 591, 595 (1979): "Traditional methods of statutory construction reinforce our conclusion. 'A general term in a statute or ordinance takes meaning from the setting in which it is employed. The literal meaning of a general term in an enactment must be limited so as not to include matters that, although within the letter of the enactment, do not fairly come within its spirit and intent.' *Kenney* v. *Building Comm'r of Melrose*, 315 Mass. 291, 295 (1943). Accord, *Commonwealth* v. *Baker*, 368 Mass. 58, 67-71 (1975); *Koller* v. *Duggan*, 346 Mass. 270, 273 (1963). 'The problem is to determine what particulars that were not mentioned are sufficiently like those that were, in ways that are germane to the subject and purpose of the act, to be made subject to the act's provisions by force of the general reference.' 2A C. Sands, Sutherland Statutory Construction § 47.18, at 110 (4th ed. 1973)." We look to determine whether the plaintiffs' claims arising out of G. L. c. 186, § 19, have the "same characteristics," *Haas* v. *Breton*, 377 Mass. at 596, as those laws specified in § 5A, that is, "law[s] intended for the protection of consumers." G. L. c. 260, § 5A.

"Consumer law, in a sense, becomes little more than the modern trend towards creating a more equitable balance for the consumer in the marketplace." Alperin & Chase, Consumer Rights and Remedies § 1, at 2 (1979). See *Commonwealth* v. *DeCotis*, 366 Mass. 234, 238 (1974). As can be seen from the consumer legislation listed in § 5A, those laws seek to remedy the imbalance which exists primarily because of a lack of parity in bargaining power between the consumer and the provider of consumer goods or services.[5]

---

[5] See, e.g., G. L. c. 75C (private correspondence schools); G. L. c. 75D (private business schools); G. L. c. 93, § 28 (collection agencies) §§ 48 & 49 (credit bureaus) § 69 (multi-level distribution companies) § 70 (certification of title for mortgage); G. L. c. 93A (unfair acts or practices in trade or commerce); G. L. c. 140, §§ 46A-46R (employment agencies) §§ 96-114B (small loan companies); G. L. c. 140D (consumer credit disclosure);

These statutes reflect a legislative attempt to achieve parity between the consumer and the provider of goods and services by requiring that certain disclosures be made to consumers so that they can make informed purchasing decisions and by prohibiting certain acts or conduct which, even if not tortious, exacerbate or exploit consumer bargaining disadvantages. The harm sought to be prevented by these statutes is, primarily, economic harm.

There are many statutes that prohibit certain conduct or impose obligations. It does not follow, however, that these many laws are swept within the ambit of G. L. c. 260, § 5A, simply by reason of the fact that the claim is made by a purchaser of goods or services. If that were so, the applicable limitation period would turn on who was bringing the claim rather than the nature of the claim. Such would be the case with G. L. c. 186, § 19, which gives a cause of action not only to a tenant but also to "any person rightfully on said premises."

Although some of the purposes of consumer legislation might be incidentally or indirectly furthered by G. L. c. 186, § 19, that law does not have the protection of consumers as its intended and primary goal. As discussed in *Young* v. *Garwacki*, 380 Mass. 162, 164-166 & n.3, 170-171 (1980), the statute reforms the common law by establishing a standard of care owed by landlords in repairing their premises irrespective of the status of the injured person (tenant, licensee, invitee). See also *Great Atl. & Pac. Tea Co.* v. *Yanofsky*, 380 Mass. 326, 330-331 (1980). Its obvious purpose is to protect all persons against the risk of physical injury. See *Young* v. *Garwacki*, 380 Mass. at 167, quoting from *Mounsey* v. *Ellard*, 363 Mass. 693, 707 (1973).

Notwithstanding the fact that the plaintiffs were tenants, purchasers of residential space, when they sustained their in-

G. L. c. 176D (unfair and deceptive acts and practices in insurance industry); G. L. c. 255B (retail installment sales of motor vehicles); G. L. c. 255C (insurance premium finance agencies); G. L. c. 255D (retail installment sales and service); G. L. c. 186, §§ 14, 15B, 15C, and 18 (unfair acts and practices by a landlord).

juries, their claims do not arise out of a violation of a "law intended for the protection of consumers." G. L. c. 260, § 5A. Their action is, therefore, time-barred under G. L. c. 260, § 2A.

*Judgment affirmed.*