GERARD P. MICERA & others[1] *vs.* NEWORLD BANK & another.[2]

Suffolk. May 4, 1992. - June 4, 1992.

Present: WILKINS, NOLAN, LYNCH, & GREANEY, JJ

*Limitations, Statute of. Practice, Civil,* Consumer protection case. *Mortgage,* Real estate. *Bank.*

Where homeowners sought declaratory and other relief against the holder of promissory notes secured by mortgages on their vacation residences, based on their contention that the interest provision of the notes violated G. L. c. 183, § 60, as inserted by St. 1973, c. 115, this court, assuming, without deciding, that the statute applied to the dwellings in question and created a private right of action, concluded that the proceeding was in substance a consumer protection action governed by the four-year limitations provision of G. L. c. 260, § 5A, and, in the circumstances, was time-barred. [731-733]

CIVIL ACTION commenced in the Superior Court Department on September 17, 1986.

The case was reported to the Appeals Court by *J. Owen Todd,* J. The Supreme Judicial Court transferred the case on its own initiative.

*John M. Reed (Sumner J. Chertok* with him) for the plaintiffs.

*John Kenneth Felter* for the defendants.

GREANEY, J. This controversy arises out of the renewal of promissory notes made by the plaintiffs with Bass River Sav-

---

[1] His wife, Anne Mercer Micera. Additional plaintiffs are Robert L. Garlinghouse and his wife, Jean T. Garlinghouse, and all others who made similar loan transactions with defendant bank.

[2] Bass River Savings Bank is named as a defendant. That bank merged with the defendant Neworld Bank on January 1, 1983, leaving Neworld as the sole successor bank.

ings Bank before it merged with Neworld Bank. See note 2, *supra*. The notes were secured by mortgages on summer homes owned by the plaintiffs on Cape Cod. In September, 1986, the plaintiffs brought a complaint in the Superior Court seeking, with other relief, a declaration under G. L. c. 231A that the interest provision on the renewed notes violated G. L. c. 183, § 60, as inserted by St. 1973, c. 115.[3] A class was certified pursuant to Mass. R. Civ. P. 23, 365 Mass. 767-768 (1974), to include all others who had similar loan transactions with Bass River Savings Bank. A statement of agreed facts and exhibits was prepared, and, at the parties' request, a judge of the Superior Court reported the case to the Appeals Court. See G. L. c. 231, § 111 (1990 ed.); Mass. R. Civ. P. 64, 365 Mass. 831 (1974). We transferred the case to this court on our own motion.

The parties view the case as raising three issues which they have briefed: (1) whether the 1973 version of G. L. c. 183, § 60, see note 3, *supra*, applied to dwelling houses which are not primary residences; (2) whether a private right of action existed under that statute; and (3) if such a right existed, what statute of limitations applied to it. We assume without deciding that the 1973 statute applied to the dwellings purchased by the plaintiffs and created a private right of action. We conclude that their claims under the statute are subject to the four-year statute of limitations for consumer

---

[3]This statute provided as follows:

"Whenever any mortgage note secured by a first lien on a dwelling house of three or fewer separate households occupied or to be occupied in whole or in part by the mortgagor provides for installment payments of principal, with or without interest, that will not amortize the outstanding principal amount in full by the maturity of such note, no increased rate of interest shall be imposed as a condition of renewing the note unless such increased rate is not greater than one half of one per cent more than the rate charged on the note immediately before such maturity and the term of such renewal note is not less than five years."

The statute was substantially revised after the making of the notes in issue. See St. 1980, c. 335, § 2; St. 1982, c. 155, § 61; and St. 1986, c. 566, § 6.

protection actions contained in G. L. c. 260, § 5A, and that the claims are time-barred.

The agreed statement discloses the following. The named plaintiffs, Gerard and Anne Micera, and Robert and Jean Garlinghouse, are two married couples who have their principal places of residence in New York. In 1977, each couple borrowed a sum of money ($55,000 for the Miceras and $25,000 for the Garlinghouses) from Bass River Savings Bank to buy a vacation home on Cape Cod. The plaintiffs gave the bank five-year promissory notes which were secured by first mortgages on the Cape houses. The notes were amortized on a direct reduction basis over a period of twenty-five years (for the Garlinghouses) at an annual interest rate of 9%, and thirty years (for the Miceras) at an annual interest rate of 8.75%. The Miceras' note and mortgage was executed on or about January 28, 1977, and the Garlinghouses' note and mortgage on or about February 1, 1977.

In 1982, at the end the five-year term of each note, the Bass River Savings Bank gave the plaintiffs three choices for renewal of the loans: (1) a 1.5% increase in the annual interest rate over the rate on the matured notes (10.25% for the Miceras and 10.50% for the Garlinghouses) requiring "balloon" or lump sum payments after five years; (2) a 2.75% increase in the annual interest rate over the rate on the matured notes (11.50% for the Miceras and 11.75% for the Garlinghouses) requiring smaller balloon payments after ten years; or (3) a 4% increase in the annual interest rate over the rate on the matured notes for twenty-five years (12.75% for the Miceras and 13% for the Garlinghouses) fully amortizing the loans. On January 26, 1982, the Garlinghouses signed and returned to Bass River Savings Bank a document entitled "Agreement for Revision of Terms of Note and Mortgage" which renewed the loan instruments on the terms stated in the third option. On February 22, 1982, the Miceras signed and returned a similar document to the bank, also accepting the third option. The respective plaintiffs thereafter paid their loans in accordance with the revised terms of the notes. This action was commenced on Septem-

ber 17, 1986, more than four and one-half years after the revision of the terms of the loans.

As has been mentioned, we will assume that the 1973 version of G. L. c. 183, § 60, applied to homes which are not primary residences and that the statute permitted a private right of action. We agree with the defendants that the plaintiffs' action is in substance a consumer protection action which is governed by the limitations period specified in G. L. c. 260, § 5A (1990 ed.).[4]

The essential nature of the right asserted determines the appropriate statute of limitations. *Nantucket* v. *Beinecke*, 379 Mass. 345, 347 (1979). The plaintiffs' action is solely based on the alleged violation of the 1973 version of G. L. c. 183, § 60, by Bass River Savings Bank. As its provisions indicate, that statute is directed at mortgage lenders who might take advantage of eager home buyers by initially allowing them favorable payment provisions in short-term balloon notes only thereafter to demand higher payments when the buyers cannot pay the notes in full and are obliged to seek their renewal. The statute reflects a legislative intent to protect home buyers from overreaching "by prohibiting certain acts or conduct which, even if not tortious, exacerbate or exploit consumer bargaining disadvantages. The harm sought

---

[4]General Laws c. 260, § 5A (1990 ed.), reads in full as follows:

"Actions arising on account of violations of any law intended for the protection of consumers, *including but not limited to the following*: chapter seventy-five C; chapter seventy-five D; section seven N of chapter ninety; sections twenty-one, twenty-one D, twenty-eight, forty-eight, forty-nine, sixty-nine, and seventy of chapter ninety-three; chapter ninety-three A; sections forty-six A to forty-six R, inclusive, and sections ninety-six to one hundred and fourteen B, inclusive, of chapter one hundred and forty; chapter one hundred and forty D; section one hundred and twenty-seven A of chapter one hundred and sixty-four; chapter one hundred and seventy-six D; sections fourteen, fifteen B, fifteen C, and eighteen of chapter one hundred and eighty-six; sections thirteen I, thirteen J, and thirteen K of chapter two hundred and fifty-five; chapter two hundred and fifty-five B; chapter two hundred and fifty-five C; and chapter two hundred and fifty-five D; whether for damages, penalties or other relief and brought by any person, including the attorney general shall be commenced only within four years next after the cause of action accrues." (Emphasis added.)

to be prevented . . . is, primarily, economic harm." *Mahoney v. Baldwin*, 27 Mass. App. Ct. 778, 781 (1989).

The statute thus reflects characteristics that are common to consumer protection statutes,[5] a point reinforced by subsequent versions of the statute, described below, which create additional safeguards for home buyers.[6] From its inception in 1973, until now, G. L. c. 183, § 60, has been a statute designed to benefit consumers by shielding them from sharp practices in the grant of residential mortgage loans. We conclude that G. L. c. 183, § 60, possesses the "same characteristics," *Haas* v. *Breton*, 377 Mass. 591, 596 (1979), as the laws specified in § 5A, and that it is a "law intended for the protection of consumers" within the meaning of § 5A. See *Mahoney* v. *Baldwin, supra* at 780.

We reject the plaintiffs' arguments that their action is more logically governed by the six-year contract statute of limitations set forth in G. L. c. 260, § 2. The plaintiffs do not argue that c. 183, § 60, rendered the transactions in this case void or voidable, or that Bass River Savings Bank committed

---

[5]Indeed, the plaintiffs in their brief describe the purpose of the statute as "protect[ing] individuals who are using the mortgaged premises themselves against practices that could be misleading and unfair [because p]ersons borrowing money to buy homes . . . need protection against unregulated payment penalties, unregulated late charges, unregulated 'balloon' notes, and unregulated tax escrow accounts." The plaintiffs also emphasize that "[c]onsumers have been increasingly subjects of protection by the Legislature with reference to banking transactions. The statute involved in this case is one example of such legislative attention."

[6]These revisions, among other things, direct the Commissioner of Banks to regulate the terms of loans covered by the statute in several respects. For example, the current version of § 60 requires that loans be subject to "conditions and restrictions" set by the Commissioner of Banks which are to include the minimum term of the note, the method by which the new interest rate on a renewed or extended note is calculated, the maximum allowable increase, provisions for the decrease of the interest rate at the time of renewal, provisions for automatic renewal at the borrower's option, requirements of advance notice and explanation to the borrower concerning the terms of renewal or extension, and such disclosures as might be required under G. L. c. 140D (Consumer Credit Cost Disclosure). The latter reference to G. L. c. 140D is significant because that statute is specifically identified in the group of named statutes in G. L. c. 260, § 5A. See note 4, *supra.*

a breach of the contracts represented by the notes and mortgages. See *Lynch* v. *Signal Fin. Co.*, 367 Mass. 503 (1975) (action for violations of Truth-in-Lending Act were governed by that statute of limitations for penalties, although parties were bound by a contract). We also reject the plaintiffs' argument that § 60 should be construed and applied as a usury law, with each payment of interest creating a new cause of action. Nothing in G. L. c. 183, § 60, indicates that the statute might be violated anew each time a payment is made or that the statute is meant to be construed and applied as a usury law. Compare G. L. c. 271, § 49. We conclude that the plaintiffs' cause of action accrued when they executed the renewal agreements. Because those documents were executed more than four years before the plaintiffs' action was commenced, the plaintiffs' action is time-barred under G. L. c. 260, § 5A.

Judgment is to be entered in the Superior Court dismissing the plaintiffs' claims under G. L. c. 183, § 60, as time-barred.

*So ordered.*