Brennan, J.
This matter came before the Western Appellate Division as an expedited appeal pursuant to Rule 8A of the Appellate Division Rules after the court allowed defendant’s motion to dismiss a complaint alleging violation of G.L.C. 93A and 940 C.M.R The facts and issues necessary for an understanding of this appeal are as follows:
On or about May 16,1996, plaintiff-appellant delivered to defendant-appellee a demand letter pursuant to G.Lc. 93A. Defendant-appellee sent a response, denying plaintiff-appellant's claim. On or about June 14,1996, plaintiff-appellant filed a complaint for damages pursuant to G.L.c. 93A On August 29,1996, defendant-appellee filed an answer and counterclaim raising eight affirmative defenses, including a violation of the statute of limitations as well as failure to state a cause of action for which the plaintiff-appellant was entitled to recover.
Mildred Banches (hereinafter, the plaintiff) was a tenant in an apartment owned by New Puffton I, Limited Partnership (hereinafter, the defendant). On or about March 19,1993, the plaintiff allegedly slipped and fell on ice and snow on the sidewalk leading from her apartment. On May 19,1996, the plaintiff filed a complaint in the Northampton District Court seeking damages in an action alleging negligence on the part of the defendant landlord. This complaint was eventually dismissed for failure to serve the complaint in the time required by law. This complaint did not include an allegation of a violation of G.L.c. 93A On or about May 16,1996, plaintiff sent to the defendant a demand letter pursuant to G.L.C. 93A referring to injuries that allegedly related to the slip and fall of March 19, 1993. Defendant declined to make an offer of settlement and on June 17,1996 the plaintiff filed an action pursuant to G.L.c. 93A and the Attorney General’s Regulations, 940 C.M.R 3.17(1). On or about December 16,1996, defendant filed a motion to dismiss,, alleging that the complaint failed to state a cause of action for which the plaintiff is entitled to recover, the action was untimely filed and the demand letter was insufficient.
The motion was heard on February 6,1997 and on February 13,1997 the defendant’s motion to dismiss was allowed. In his finding on the motion the judge indicated that “whether prosecuted as a tort or as a violation of 93A the underlying conduct of the defendant which the plaintiff claims to be actionable is negligence. The facts as alleged fail to state a claim for relief under 93A”
On February 21,1997, plaintiff filed a notice of appeal and on March 12,1997, the expedited appeal was filed. The issue before the Appellate Division is whether the court erred in allowing the defendant’s motion to dismiss plaintiff’s complaint alleging violation of G.L.c. 93A and 940 C.M.R.
The plaintiff’s complaint alleges injuries that she allegedly received as a result *56 of a fall on defendant’s properly. Plaintiff alleges that defendant is responsible for creating an unfair or deceptive act or practice by failing to maintain the premises in the manner promised in the tenancy. Significantly, when plaintiff’s 93A claim was filed, the three year statute of limitations for tort actions had passed. In the 93A complaint she relied on the four year statute of limitations applicable to actions pursuant to G.L.c. 93A. Plaintiff’s complaint states:
The defendant or its management agent neglected to adequately maintain the premises by salting and/or sanding the sidewalk, and ... as a result of defendant’s negligence, the plaintiff slipped and fell on the icy sidewalk leading from her apartment to the parking lot.
In this case, plaintiff alleges that the defendant violated the Attorney General’s regulations governing landlord/tenant issues, 940 C.M.R. 3.17(1)© which provides that it is unfair and deceptive for a landlord to “fail to provide services and/or supplies after the making of any representation or agreement that such services would be provided during the term or any portion of the term of the tenancy agreement.” Plaintiff alleges that a violation of 940 C.M.R. is controlled by the time limits of G.Lc. 260, §5A rather than those of G.L.c. 260, §2A and that, as a result, her claim is not time barred. G.L.c. 260, §5A provides a four year statute of limitations for actions that arise out of "violations of any law intended for the protection of consumers. ...” In order to determine whether G.L.c. 260, §5A is applicable to the present case it is necessary to determine whether the plaintiff’s claim shares "... the same characteristics as those laws specified in section 5A, that is, laws intended for the protection of consumers.” Haas v. Breton, 377 Mass. 591, 596 (1979). Generally, laws written for the protection of consumers"... reflect a legislative attempt to achieve parity between the consumer and the provider of goods and services by requiring that certain disclosures be made to consumers so that they can make informed purchasing decisions and by prohibiting certain acts or conduct which, even if not tortious, exacerbate or exploit consumer bargaining disadvantages. The harm sought to be prevented by these statutes is, primarily, economic harm.” Mahoney v. Baldwin, 27 Mass. App. Ct. 778 (1989). In this case the plaintiff does not claim that the defendant failed to provide snow removal. Rather, the plaintiff claims that the defendant was negligent in providing snow removal. As such, the plaintiff’s claim is governed by G.L.c. 260, §2A, rather than G.L.c. 260, §5A As in the Mahoney case "... notwithstanding the fact that the plaintiff was a tenant... when she sustained her injury... (her) claim does not arise out of violation of a ‘law intended for the protection of consumers.’” As the plaintiff’s cause of action arose more than three years prior to filing her complaint, she is time barred from recovery and her case was properly dismissed.
For the above stated reasons we affirm the decision of the trial judge and order that the appeal be dismissed.