Salinger, Kenneth W., J.
The motion to dismiss filed by defendants Sovereign Bank and Bank of America, N.A. (the “Banks”) turns on what appears to be a question of first impression for Massachusetts courts: whether the three-year limitations period that governs claims for unlawful conversion of a check or other negotiable instrument does not begin to run until the wronged party knows or reasonably should know that it has been injured.
The Court holds (1) that the statutory language providing that such an action “must be commenced within three years after the cause of action accrues,” see G.L.c. 106, §3-118(g), establishes such a discovery rule, and (2) that the amended complaint filed by Plaintiff Claretta M. Tonetti plausibly suggests that Tonetti’s cause of action against the Banks did not accrue until June 2011 when she first learned that her attorney had received and cashed a check made out to the attorney and Tonetti jointly. The Court therefore DENIES the motion to dismiss.
1. Factual Allegations
For the purpose of deciding this motion, the Court assumes that Tonetti’s allegations and any reasonable inferences that may be drawn from the facts alleged in the complaint are true. See, e.g., Golchin v. Liberty Mut. Ins. Co., 460 Mass. 222, 223 (2011). The complaint alleges the following facts.
Tonetti was represented by defendants Kevin P. Whitaker and James A. Wilson — who are attorneys licensed to practice law in Massachusetts — from 2001 through 2010. Among other legal work, Whitaker filed a lawsuit on Tonetti’s behalf in 2006 regarding an automobile accident. In April 2007 Whitaker advised Tonetti to settle the case for $25,000. Without informing Tonetti, Whitaker obtained a check from the insurer of the defendant in that lawsuit in May 2007 in the amount of $24,401.42. The check was made payable to “WILSON & WHITAKER, LLC, AND CLIENT CLARETTA TONETTI, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF RUDOLPH TONETTI.”
The settlement check required the endorsement of both payees to be negotiated. However, Whitaker endorsed the check himself and deposited it in his law firm’s account, without ever obtaining Tonetti’s endorsement or even telling her about the check. The defendant Banks accepted and negotiated the check, and caused the proceeds to be paid to Whitaker, even though the check should have been but was not signed by Tonetti. Whitaker has never paid Tonetti any portion of the settlement proceeds.
Whitaker stopped communicating with Tonetti shortly after he deposited the settlement check in his law firm’s account. For several years Tonetti kept trying to contact Whitaker, in part to learn the status of the lawsuit regarding the automobile accident, but Whitaker would not return Tonetti’s calls. Tonetti retained new legal counsel in 2010. The new counsel wrote to Whitaker three times between November 2010 and March 2011, trying to find out — among other things — what had happened to the $25,000 settlement offer that Whitaker had recommended Tonetti accept in April 2007. In May 2011 Tonetti’s new counsel wrote a letter of complaint about Whitaker to the Massachusetts Board of Bar Overseers. Whitaker submitted a response on June 9, 2011. In that response, Whitaker asserted that in 2007 he had retained the full amount paid in settlement of the automobile accident case to offset outstanding legal fees allegedly owed by Tonetti or her late husband. Tonetti first learned that Whitaker had in fact received a settlement check in the automobile accident case when Tonetti received Whitaker’s June 2011 letter.
Tonetti filed this action on January 4, 2012. She claims that the Banks unlawfully converted the May 2007 settlement check by negotiating that check without any endorsement by Tonetti. Tonetti’s amended complaint asserts various claims against Whitaker and Wilson in Counts I-VII. The only claim against the Banks is the conversion claim in Count V1IL
2. Discussion
The Banks move to dismiss the conversion claim against them on the ground that it is barred by the three-year limitations period established by G.L.c. 106, §3-118(g), which is part of Article 3 the Uniform *390 Commercial Code (“U.C.C.”) governing negotiable instruments. This argument is without merit.
Massachusetts law distinguishes between statutes of limitation and statutes of repose. McGuinness v. Cotter, 412 Mass. 617, 621 (1992). “A statute of limitations is a procedural measure which ‘normally governs the time within which legal proceedings must be commenced after the cause of action accrues.’ ” Id. (emphasis in original), quoting Klein v. Catalano, 386 Mass. 701, 702 (1982). When the Legislature uses such language, “the limitations period . . . generally does not begin to run until the date of the plaintiffs injury or the date that the injury is, or reasonably should have been, discovered.” Id., 412 Mass. at 621-22. In contrast, the limitations period “in a statute of repose generally begins to run from some ‘definitely established event,’ such as the date on which the act or omission which forms the basis of the cause of action occurs.” Id. at 622, quoting Nissan Motor Corp. v. Commissioner of Revenue, 407 Mass. 153, 158 (1990). “The effect of a statute of repose is to place an absolute time limit on the liability of those within its protection and to abolish a plaintiffs cause of action thereafter, even if the plaintiffs injury does not occur, or is not discovered, until after the statute’s time limit has expired.” Id., 412 Mass. at 622.
When the Massachusetts Legislature intends that there be no discovery rule it makes that intention clear in the statutory language. Cf. Anawan Ins. Agency, Inc. v. Division of Ins., 459 Mass. 592, 600 n.14 (2011). In some statutes it does so implicitly, by providing that a limitations period will begin to run after a wrong is committed, instead of after the accrual of a cause of action concerning the wrong. Id. In other statutes it expressly specifies that that a cause of action accrues and the limitations period begins to run even if the aggrieved party is unaware of other party’s wrongful act. The Legislature did so, for example, in adopting Article 2 of the U.C.C. governing sales of goods. See G.L.c. 106, §2-725(2) (providing that “(a) cause of action” for breach of a contract for the sale of goods “accrues when the breach occurs, regardless of the aggrieved party’s lack of knowledge of the breach”).
The Massachusetts version of the U.C.C. limitations period for claims alleging the unlawful conversion of a negotiable instrument is a statute of limitations governed by a discovery rule, not a statute of repose that begins to run even if the injured party has no reason to know that she has been injured. As noted above, this statute provides that such an action “must be commenced within three years after the cause of action accrues.” G.L.c. 106, §3-118(g). Section 3-118 does not define when a cause of action accrues. Thus general “principles of law and equity . . . shall supplement its provisions.” G.L.c. 106, §1-103.
Under the general principles of Massachusetts law discussed above, the limitations period established by §3-118(g) does not begin to run until a claimant knew or reasonably should have known that she was injured. Cf. Fine v. Sovereign Bank, No. 06cv11450-NG, 2010 WL 3001194 (D.Mass. 2010) (Gertner, J.) (construing G.L.c. 106, §3-118(g) as incorporating a discovery rule).
In this case, Tonetti alleges facts plausibly suggesting that this action was timely filed in January 2012. The complaint alleges — or one could reasonably infer from its allegations — that Tonetti did not know and had no reason to discover that she had been injured by the conversion of the settlement check until she first learned in June 2011 that such a check had been issued. Before that time Whitaker had allegedly concealed the very existence of the settlement check from Tonetti. If Tonetti could prove these allegations at trial, then the three-year limitations period did not begin to run until June 2011. This action was filed just seven months later.
The Banks’ argument that if Tonetti had been more diligent in pursuing Whitaker she would have discovered the existence of the. settlement check much earlier provides no basis for dismissing the conversion claim against the Banks. The trier of fact will have to determine when Tonetti knew or reasonably should have known that she had been injured. See Taygeta Corp. v. Varian Assocs., Inc., 436 Mass. 217, 229 (2002). Although Tonetti may have had good reason to be concerned about Whitaker’s diligence in representing her interests, the complaint alleges facts plausibly suggesting that Whitaker concealed all facts that might have given Tonetti reason to worry that he had absconded with settlement funds. That is enough for Tonetti’s conversion claim to survive the Bank’s motion to dismiss.
ORDER
After hearing and consideration of the parties’ written submissions, the motion by Sovereign Bank and Bank of America, N.A., to dismiss Count VIII is DENIED.